UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **ROBERT MAZE AND**<br>**JESSICA BUTLER**<br><br>    Plaintiffs,<br><br>v.<br><br>**WELLS FARGO BANK, N.A.**<br><br>  Serve:  Registered Agent<br>         CSC Lawyers Incorporating<br>         Service Company<br>         421 West Main Street<br>         Frankfort, KY 40601<br><br>and<br><br>**IN A SNAP INSPECTIONS, LLC**<br><br>  Serve:  Jenny Gossett<br>         Registered Agent<br>         320 Gateway Drive<br>         Elizabethtown, KY 42701<br><br>    **Defendants.** | Case No. 3:16-CV-641-JHM<br><br>*Electronically Filed* |

* * * * *

## COMPLAINT

Plaintiffs Robert Maze and Jessica Butler, by counsel, for their Complaint against Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and In A Snap Inspections, LLC ("In A Snap"), state as follows.

### INTRODUCTION

1. This is an action for actual and statutory damages brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), which prohibits debt collectors from engaging in

abusive and unfair practices in the collection of debt, and Kentucky common law. After filing a foreclosure action against Robert Maze regarding property occupied by Mr. Maze and Jessica Butler, Wells Fargo retained In A Snap to perform services while the foreclosure remained pending. Before Wells Fargo had any right to access the property, In A Snap broke into the property and stole Mr. Maze and Ms. Butler's property. In A Snap employees then sold that property online. Mr. Maze and Ms. Butler seek damages caused by this conduct.

## PARTIES, JURISDICTION AND VENUE

2. Mr. Maze and Ms. Butler are residents of Hardin County, Kentucky.

3. Wells Fargo Bank, N.A. is a national banking association organized and existing under the laws of the United States of America that does extensive business in this district and is subject to this Court's exercise of personal jurisdiction.

4. Defendant In A Snap is a company organized and existing under the laws of the Commonwealth of Kentucky that does extensive business within this judicial district.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the laws of the United States, and 28 U.S.C. § 1367, in that all non-federal claims are so related to claims that fall within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this District is proper because Wells Fargo and In A Snap transact business in this District, the events complained of occurred in this District, and Mr. Maze and Ms. Butler are residents of this District.

## FACTS

7. Mr. Maze and Ms. Butler are "consumers" and In A Snap is a "collector" as those terms are defined by the FDCPA.

8. Wells Fargo filed a foreclosure against Mr. Maze in the Commonwealth of Kentucky, Hardin Circuit Court, Case Number 13-CI-01678 on October 10, 2013. Wells Fargo's action sought to enforce a mortgage agreement previously entered into by Mr. Maze and Wells Fargo.

9. Mr. Maze filed a bankruptcy petition on April 2, 2014 and, thereafter, the automatic stay applied to the foreclosure case until at least December 8, 2015.

10. Thereafter, a foreclosure sale was conducted and confirmed by the Hardin Circuit Court on May 3, 2016. Wells Fargo first sought a writ of possession to the property on August 17, 2016.

11. At some point in 2016, before it sought a writ of possession and before it had any right to enter the subject property, Wells Fargo retained In a Snap to act on its behalf and to provide collection services regarding the home subject to foreclosure. In A Snap was Wells Fargo's expressly authorized agent.

12. In hiring In A Snap to act as its agent, Wells Fargo failed to adopt and/or enforce adequate procedures and practices to ensure that In A Snap would not enter or improperly handle personal property in a foreclosed property such as the house at issue in this action.

13. Wells Fargo failed to properly train In A Snap to handle issues relating to the maintenance of foreclosed properties and personal property located therein and failed to adequately adopt and establish procedures for the disposal and return of personal property in foreclosed properties such as the house at issue in this action.

14. When Wells Fargo retained In A Snap, Mr. Maze and Ms. Butler still resided in the property and stored their personal property in the house.

15. Mr. Maze and Ms. Butler formerly owned a store that sold expensive music equipment. When that store closed, they moved the store's inventory into their house and hoped to open a new store in the future.

16. Wells Fargo and In A Snap broke into the property, ransacked it and stole very valuable music equipment and other personal property.

17. At this time, neither Wells Fargo nor In A Snap had any legal right to enter the property.

18. An In a Snap employee later advertised the stolen property for sale online.

19. Wells Fargo and In A Snap damaged property that was not stolen.

20. Wells Fargo and In A Snap destroyed Mr. Maze's birth certificate, which interfered with his ability to seek employment with the federal government.

21. These actions caused Mr. Maze and Ms. Butler's children to be fearful of staying in the property and caused their children to suffer emotional distress.

22. These actions caused Mr. Maze and Ms. Butler to suffer damages and have otherwise caused them to suffer emotional distress and anxiety.

## COUNT 1:
## FAIR DEBT COLLECTION PRACTICES ACT

23. Mr. Maze and Ms. Butler incorporate by reference the allegations previously set forth in this Complaint.

24. The actions detailed above constitute multiple violations of the Fair Debt Collection Practices Act by In A Snap, including violations of 15 U.S.C. 1692d(1), 15 U.S.C. § 1692f(1), and 15 USC § 1692f(6).

25. In A Snap's unlawful actions caused Mr. Maze and Ms. Butler to sustain actual damages, including but not limited to emotional and mental distress, in an amount to be determined at trial.

26. Mr. Maze and Ms. Butler are further entitled to an award of statutory damages, costs and attorney fees pursuant to 15 U.S.C. 1692k.

## COUNT 2:
## INTENTIONAL TRESPASS

27. Mr. Maze and Ms. Butler incorporate by reference the allegations previously set forth in this Complaint.

28. Wells Fargo, through its agent In A Snap, intentionally and recklessly entered Mr. Maze and Ms. Butler's property.

29. By intentionally entering the property, Wells Fargo and In A Snap caused Mr. Maze and Ms. Butler to suffer damages, including but not limited to emotional and mental distress, in an amount to be determined at trial.

30. Further, Wells Fargo and In A Snap's conduct constituted oppression, fraud, and/or malice, entitling Mr. Maze and In A Snap to an award of punitive damages.

## COUNT 3:
## NEGLIGENT TRESPASS

31. Mr. Maze and Ms. Butler incorporate by reference the allegations previously set forth in this Complaint.

32. Wells Fargo and In A Snap breached their duty of due care to Mr. Maze and Ms. Butler.

33. Wells Fargo and In A Snap caused In A Snap employees to enter the land of Mr. Maze and Ms. Butler.

34. Wells Fargo and In A Snap's presence caused harm to the land and to Mr. Maze and Ms. Butler.

35. Wells Fargo and In A Snap caused Mr. Maze and Ms. Butler to suffer damages, including but not limited to emotional and mental distress, in an amount to be determined at trial.

## COUNT 4:
## CONVERSION

36. Mr. Maze and Ms. Butler incorporate by reference the allegations previously set forth in this Complaint.

37. Mr. Maze and Ms. Butler had legal title and the right to possess property converted by Wells Fargo and In A Snap.

38. Wells Fargo, through its agent In A Snap, exercised dominion over Mr. Maze and Ms. Butler's property in a manner which denied them the right to use and enjoy it and which was to defendant's own use and beneficial enjoyment.

39. Wells Fargo and In A Snap intended to interfere with Mr. Maze and Ms. Butler's possession.

40. Mr. Maze and Ms. Butler made demand for return of the property, which was refused.

41. Wells Fargo and In A Snap's acts were the legal cause of Mr. Maze and Ms. Butler's loss of the property.

42. Mr. Maze and Ms. Butler suffered damage by the loss of the property.

43. Further, Wells Fargo and In A Snap's conduct constituted oppression, fraud, and/or malice, entitling Mr. Maze and In A Snap to an award of punitive damages.

6

## COUNT 5:
## NEGLIGENCE/GROSS NEGLIGENCE

44. Mr. Maze and Ms. Butler incorporate by reference the allegations previously set forth in this Complaint.

45. Wells Fargo and In A Snap owed a duty to Mr. Maze and Ms. Butler to ensure that the subject foreclosure was conducted in a lawful manner and to use ordinary care in conducting the foreclosure.

46. Wells Fargo and In A Snap breached that duty by failing to secure the subject property using lawful procedures, by failing to have in place adequate procedures and practices to ensure against errors in entering, securing, and handling personal property in a foreclosed property, by failing to properly train employees and/or its agents to properly handle issues relating to the maintenance of foreclosed properties and personal property located therein, and by failing to have in place procedures for the disposal and return of personal property taken from foreclosed properties.

47. Wells Fargo and In A Snap knew or should have know that their conduct would result in the theft or destruction of Mr. Maze's and Ms. Butler's property.

48. Mr. Maze and Ms. Butler suffered damage by the loss of the property.

49. Further, Wells Fargo and In A Snap's conduct constituted oppression, fraud, and/or malice, entitling Mr. Maze and In A Snap to an award of punitive damages.

## COUNT 6:
## BREACH OF CONTRACT

50. Mr. Maze and Ms. Butler incorporate by reference the allegations previously set forth in this Complaint.

51. By engaging in the conduct set forth above, Wells Fargo breached the terms of its mortgage agreement with Mr. Maze.

52. As a direct and proximate result of Wells Fargo's breach, Mr. Maze suffered injury and damages in an amount to be determined by the evidence at trial.

## PRAYER FOR RELIEF

Wherefore, Mr. Maze and Ms. Butler demand relief against Wells Fargo and In A Snap as follows:

a. Entry of a Judgment to compensate them for damages to which they are entitled, including but not limited to actual, compensatory, statutory and punitive damages;

b. Interest on all of the aforementioned amounts at the maximum rate and for the maximum duration allowed by applicable law;

c. Trial by jury on all issues so triable;

d. An award of attorney's fees and costs herein incurred;

e. Any and all other relief to which he may be entitled, including the right to amend this Complaint to add additional claims or additional parties after conducting appropriate discovery.

Respectfully submitted,

CRAIG HENRY PLC
James Craig

\_\_\_/s/ James Craig_____
239 S. Fifth Street, Suite 1400
Louisville, Kentucky 40202
Telephone: (502) 614-5962
Facsimile: (502) 614-5968
jcraig@craighenrylaw.com

*Counsel for Robert Maze and Jessica Butler*