UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:16CV-00641-JHM**

**ROBERT MAZE and JESSICA BUTLER**                                       **PLAINTIFFS**

**V.**

**WELLS FARGO BANK, N.A., and**
**IN A SNAP INSPECTIONS, LLC**                                                **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on motions by Defendants, Wells Fargo Bank, N.A., and In a Snap Inspections, LLC, to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) [DN 9, DN 10].  Fully briefed, this matter is ripe for decision.

### I. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678, 679.

Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). It is against this standard the Court reviews the following facts.

## II.  BACKGROUND

Plaintiff, Robert Maze, executed a promissory note and mortgage on the subject property in 2011 with Defendant, Wells Fargo Bank. Plaintiff, Jessica Butler, is not a party to either the note or the mortgage but occupied the real property with Maze. Maze defaulted on the mortgage loan by failing to make payments, and Wells Fargo initiated the foreclosure action in Hardin Circuit Court on October 10, 2013. Maze failed to appear and answer the foreclosure complaint and failed to respond to a subsequent motion for the court to enter a judgment. As a result, the Hardin Circuit Court entered a judgment and order of sale on February 28, 2014. Pursuant to the judgment and order of sale, the property was scheduled for a sale by the master commissioner on April 3, 2014. The day before the scheduled sale, Maze filed a bankruptcy petition which resulted in an automatic stay of the foreclosure proceedings, including the scheduled sale of the property. The bankruptcy proceeding was subsequently dismissed in January of 2016. With the automatic say lifted, on February 12, 2016, the Hardin Circuit Court ordered the master commissioner to reschedule the sale of the property. The judicial sale was conducted on April 14, 2016, at which time Wells Fargo purchased the property. The master commissioner filed his report that day, and Maze did not file any objection. No objections having been filed, on May 3, 2016, the Hardin Circuit Court entered an order confirming the judicial sale of the property. See Wells Fargo Bank v. Robert R. Maze, No. 13-CI-00168 (Foreclosure Proceedings); In Re Robert R. Maze, No. 14-31304-THF (Bankr. W.D. Ky.)(bankruptcy proceedings).

Plaintiffs allege that "[a]t some point in 2016, before it sought a writ of possession [August 17, 2016] and before it had any right to enter the subject property, Wells Fargo retained In a Snap to act on its behalf and to provide collection services regarding the home subject to foreclosure." (Complaint at ¶¶ 10-11.) Plaintiffs further allege that Wells Fargo and In a Snap "broke into the property, ransacked it and stole very valuable music equipment and other personal property," "damaged property that was not stolen," and "destroyed Mr. Maze's birth certificate." (Id. at ¶¶ 16, 19, 20.) Additionally, Plaintiffs allege that an In a Snap employee later advertised the stolen property for sale online. (Id. at ¶ 18.)

Plaintiffs filed this action on October 6, 2016, against Wells Fargo and In a Snap. Plaintiffs seek to recover monetary damages against In a Snap Inspections under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, stemming from the removal of Plaintiffs' property from the residence and damage to other personal property. See 15 U.S.C. § 1692d(1), 15 U.S.C. § 1692f(1), and 15 U.S.C. § 1692f(6). In addition to the federal claim, Plaintiffs assert four additional state law claims against both Wells Fargo and In a Snap: intentional trespass, negligent trespass, conversion, and negligence/gross negligence. Plaintiffs also assert a state law claim for breach of contract against Wells Fargo.

### III. DISCUSSION

#### A. FDCPA Claim

In a Snap moves to dismiss the FDCPA claim arguing that Plaintiffs have not alleged any facts showing that In a Snap is "debt collector" as defined by the FDCPA; that the principal purpose of In a Snap's business is the collection of consumer debt; or that In a Snap attempted to collect a debt from Plaintiffs under the circumstances of this case.

The FDCPA prohibits debt collectors from engaging in "abusive, deceptive, and unfair debt collection practices" towards debtors. See 15 U.S.C. § 1692. Under the FDCPA, "'(1) plaintiff must be a consumer as defined by the Act; (2) the debt must arise out of transactions which are "primarily for personal, family or household purposes; (3) defendant must be a debt collector as defined by the Act; and (4) defendant must have violated § 1692e's prohibitions.'" Labron v. Nationstar Mortgage, LLC, 2016 WL 2993622, *2 (W.D. Ky. May 23, 2016)(quoting Wallace v. Washington Mut. Bank, F.A., 683 F.3d 323, 326 (6th Cir. 2012) (internal quotation marks omitted)). Liability under the FDCPA can only attach to those who meet the statutory definition of a "debt collector" and engage in "debt collection." 15 U.S.C. § 1692(a). The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C.A. § 1692a(6). See Glazer v. Chase Home Finance LLC, 704 F.3d 453 (6th Cir. 2013).

Under the facts alleged in this matter, In a Snap neither qualifies as a debt collector, nor does In a Snap's behavior constitute debt collection.

First, In a Snap does not qualify as a debt collector under the facts of the complaint. Plaintiffs make no factual averment suggesting a nexus between the conduct of In a Snap and any debt Plaintiffs' owed. Plaintiffs do not allege that In a Snap demanded payment for any debt, notified Plaintiffs of the pendency of any debt or legal action, or communicated to Plaintiffs that they owed an outstanding debt to either Defendant. Instead, Plaintiffs allege that In a Snap broke into the property, ransacked it and stole and/or damaged very valuable music equipment and other personal property. The only support for Plaintiffs' argument that In a Snap

was acting as a debt collector is Plaintiffs' conclusory allegation that "Wells Fargo retained In a Snap to act on its behalf and to provide collection services regarding the home subject to foreclosure." (Complaint ¶ 11.) Plaintiffs fail to provide anything else to substantiate this legal conclusion, and it is not enough to survive the motion to dismiss. See Seghetti v. Flagstar Bank, FSB, 2016 WL 3753143, *3 (D. Md. July 13, 2016).

Second, In a Snap's alleged behavior does not constitute debt collection. Based on similar factual allegations, courts have concluded that a company's "'conduct of clearing personal property from [a foreclosed property] was incidental to a valid foreclosure and was not related to debt collection.'" Labron, 2016 WL 2993622, *2 (citing Glazer v. Chase Home Fin. LLC, 2010 WL 1391937, at *1-2 (N.D. Ohio Mar. 31, 2010), aff'd in part, vacated in part, & rev'd in part on other grounds by 704 F.3d 453 (6th Cir. 2013) (finding that Safeguard's conduct of wintering and changing the locks on foreclosed home was not related to the collection of a debt)); Alqaq v. CitiMortgage, Inc., 2014 WL 1689685, *2-4 (N.D. Ill. Apr. 29, 2014) (breaking into a foreclosed home and taking personal property was incidental to foreclosure and not related to the collection of a debt); Gordon v. Bank of New York Mellon Corp., 964 F. Supp. 2d 937 (N.D. Ind. 2013); Platek v. Safeguard Props., Inc., 2013 WL 5357157, *1-2 (W.D. Pa. Sept. 25, 2013). From the facts alleged in the complaint, In a Snap's conduct is accurately characterized as "routine post-foreclosure behavior that is not plausibly related to any debt collection practices." Labron, 2016 WL 2993622, at *3.

Contrary to Plaintiffs' argument, Glazer v. Chase Home Finance LLC, 704 F.3d 453 (6th Cir. 2013), does not mandate a finding that the alleged conduct of In a Snap constitutes debt collection pursuant to the FDCPA. In fact, the Sixth Circuit in Glazer never addressed the conduct of the foreclosure-inspection service provider. The plaintiff in Glazer did not appeal the

5

decision of the district court with respect to the foreclosure-inspection service provider. In Glazer, the Sixth Circuit held that "mortgage foreclosure is debt collection under the Act." Glazer, 704 F.3d at 464. Further, the Sixth Circuit recognized that "[l]awyers who meet the general definition of a 'debt collector' must comply with the FDCPA when engaged in a mortgage foreclosure. And a lawyer can satisfy that definition if his principal business purpose is mortgage foreclosure or if he 'regularly' performs this function." Id.

Here, applying Glazer, Plaintiffs do not allege that In a Snap's action were part of the mortgage foreclosure procedure. Instead, the activities complained of relate to conduct by In a Snap that occurred after the sale of the property on April 14, 2016. (Complaint at ¶¶ 10-11, 16.)[1] Himmelein v. Federal Home Loan Mortgage Corp., 154 F. Supp. 3d 560 (W.D. Mich. 2015)("As the court in Glazer made clear, actions taken by debt collectors leading up to a foreclosure sale are taken for the purpose of obtaining payment on the underlying debt. . . . But 'upon a foreclosure sale, the mortgage debt is considered paid[.]'"); Todaro v. Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A., 2016 WL 6777805, *6 (N.D. Ohio Nov. 16, 2016)(FDCPA does not apply to post-foreclosure attempts to obtain possession of a property).

Finally, Plaintiff fails to allege any outstanding debt owed to In a Snap or still owed to Wells Fargo at the time of the conduct in question. Himmelein, 154 F. Supp. 3d 560 (The FDCPA was not implicated by actions taken by a debt collector during the redemption period because the home had been purchased at foreclosure sale and the debt had been extinguished. While plaintiff had a statutory right to make payments and redeem the property following the sale, plaintiff had no obligation to make payments on a debt that no longer existed. Thus, there

---

[1] In the response, Plaintiffs state that discovery will show that they discovered items were taken from their home prior to the Hardin Circuit Court's confirmation of the subject foreclosure sale on May 3, 2016. (Pl.'s Resp. 4-5.) This allegation, however, is noticeably absent from Plaintiffs' complaint. "'It is a basic principle that the complaint may not be amended by [a] brief[ ] in opposition to a motion to dismiss . . . .'" Labron, 2016 WL 2993622, at *3 (quoting Kallick v. U.S. Nat'l Bank Ass'n, 2012 WL 5178152, *2 (E.D. Ky. Oct. 18, 2012).

was no longer a debt to enforce.); Gordon, 964 F. Supp. 2d at 949 (quoting Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1167 (3d Cir. 1987)("A threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt[.]'")). Plaintiffs instead allege In a Snap was retained by Wells Fargo "to act on its behalf" and "to provide collection services regarding the home subject to foreclosure" without actually pleading that a debt was owed.  As discussed above, a reading of the complaint indicates that the foreclosure was final prior to In a Snap's entry on the subject property.

For these reasons, the Court finds that the facts alleged in the complaint do not plausibly support Plaintiffs' allegations that In a Snap's activities in the present case render In a Snap a debt collector or constitute debt collection under the FDCPA.  Accordingly, the Court grants summary judgment in favor of In a Snap on Plaintiff's FDCPA claim.

### B. Remaining State Law Claims

Having dismissed the Plaintiffs' federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(c)(3). See United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966) ("[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." Id. at 726.).  Therefore, Plaintiffs' state law claims are dismissed without prejudice.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motions by Defendants, Wells Fargo Bank, N.A., and In a Snap Inspections, LLC, to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) [DN 9, DN 10] are **GRANTED IN PART** consistent with this Opinion.  The Fair Debt Collection Practices Act claim (Count 1) against Defendant, In a Snap Inspections, LLC, is **DISMISSED WITH PREJUDICE**.  The remaining state law claims

against both Defendants are dismissed without prejudice.  A judgment will be entered consistent with this opinion.

                                                    **Joseph H. McKinley, Jr., Chief Judge**
                                                     **United States District Court**

cc: counsel of record

                                                                                   March 10, 2017